IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                                    CRIMINAL No. 01-1309 LH

DANNY RAY CERVANTES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On September 21, 2010, Defendant Danny Ray Cervantes, proceeding pro se, filed a "Motion Requesting the Court to Order that the Defendant Take the RDAP 500 Hour Drug Treatment Program Once the Defendant is within 36 Months of his Release Date" (Doc. 103) (hereinafter "Motion for Order for Drug Treatment"). On March 9, 2011, Defendant filed a "Motion Requesting the Court to Order that the Defendant Presentence Investigation Report ("PSI") be Amended of Past Drug Abuse" (Doc. 107) (hereinafter "Motion to Amend PSI"). The Court, having reviewed the motions, the applicable law, and otherwise being fully advised, finds that the motions should be denied.

**I.    BACKGROUND**

On September 18, 2003, the Court sentenced Defendant to a term of imprisonment of 188 months for the crime of possessing with intent to distribute 100 kilograms and more of marijuana. (*See* Judgment (Doc. 78).) The Judgment did not include a recommendation that Defendant participate in the RDAP 500 Drug Treatment Program. (*See id.*)

Defendant asserts that, prior to his interview with the Probation Officer for the purpose of

preparing a PSI Report, his attorney advised him not to discuss any of his past or present alcohol or drug abuse problems with the probation officer. As a result, Defendant's PSI Report did not contain information regarding Defendant's alcohol and drug abuse problems. Defendant argues that he does have, and had in his past, alcohol and drug abuse problems.

In July 2010, while incarcerated, Defendant sought to enter the RDAP 500 Hour Drug Treatment Program in order to receive treatment for his drug problem. (*See* Def.'s Motion for Order for Drug Treatment (Doc. 103) at 2-3.) The RDAP Coordinator explained to Defendant that he could not take the program at the time because nothing in his PSI Report indicated that he had a past or present alcohol and drug abuse problem. (*See id.*) The Coordinator advised Defendant that he should petition the Court for a judicial recommendation to help him get into the program. (*Id.* at 3.) Defendant therefore seeks from this Court an Order that his PSI Report be amended to add "that the defendant has used alcohol and drugs in his past. And that the defendant has a[n] alcohol and drug problem." (Def.'s Motion to Amend PSI (Doc. 107) at 3.) Defendant also requests that the Court "Order the defendant to participat[e] in the RDAP 500 Hour Drug Treatment Program once he is within 36 months of his rel[e]ase date." (Def.'s Motion for Order for Drug Treatment (Doc. 103) at 3.)

**II.   ANALYSIS**

Although the Court finds Defendant's efforts to get drug treatment through the RDAP 500 Hour Drug Treatment Program commendable, the Court finds no basis in the law that provides it with jurisdiction to grant Defendant's motions. "Once the district court has heard objections to the report and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited." *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994). "Thus, postsentence challenges to a PSI report which are submitted to the district court must be based on statutes or rules

Case 2:01-cr-01309-LH   Document 108   Filed 06/10/11   Page 3 of 4

which give the district court jurisdiction to consider the challenge." *Id.*

Federal Rule of Criminal Procedure 36 states that a court has jurisdiction at any time to correct a clerical error or an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. The omission in the PSI Report regarding Defendant's prior alcohol and drug abuse occurred, however, not due to a clerical error, but due to a strategic decision on advice of counsel. Rule 36 therefore does not apply. *See United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir. 1997) ("[A] clerical mistake is an error in the record 'arising from oversight or omission.'"). *See also United States v. Hayden*, 10 Fed. Appx. 647, 650 (10th Cir. Mar. 21, 2001) (unpublished opinion) ("In this case, the district court correctly pointed out that none of the alleged errors asserted by Mr. Hayden are the type considered 'clerical' under Rule 36 because they involve claims of substantive error concerning his sentence.").

Nor is relief available under Federal Rule of Criminal Procedure 32, which sets out procedures governing a PSI Report. Under the procedures set forth in Rule 32, "the defendant must challenge errors contained in the PSI report *prior to* the imposition of sentence. . . ." *Warner*, 23 F.3d at 290 (emphasis in original). The Court of Appeals for the Tenth Circuit has unanimously ruled that this Court does not have jurisdiction under Rule 32 to consider the type of post-sentence motion to amend the PSI report like the one requested by Defendant here. *See Warner*, 23 F.3d at 290 n.3.

Finally, Defendant's motions do not state a due process claim independent of Rule 32. "[I]n order to show a due process violation, the defendant must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence." *United States v. Eschweiler*, 782 F.2d 1385, 1387 (7th Cir. 1986). There is no suggestion that the Court relied on false information in determining Defendant's sentence, and thus, the Due Process

Clause does not provide an independent basis for jurisdiction. Rather, in regard to Defendant's Motion for Order for Drug Treatment (Doc. 103), Defendant does not seek re-sentencing, but asks the Court to order Defendant to participate in the RDAP 500 Hour Drug Treatment Program. This Court does not have jurisdiction to mandate Defendant be admitted into a drug treatment program. *See United States v. Jackson*, 70 F.3d 874, 877-78 (6th Cir. 1995) (holding that district court lacked authority to order that defendant participate in drug treatment program, as that determination is within sole discretion of Bureau of Prisons; court may only recommend treatment during incarceration).

For all the foregoing reasons, this Court cannot grant Defendant's requested relief, and thus, his motions must be denied.

**IT IS THEREFORE ORDERED** that

1. Defendant's Motion Requesting the Court to Order that the Defendant Take the RDAP 500 Hour Drug Treatment Program Once the Defendant is within 36 Months of his Release Date" (**Doc. 103**) is **DENIED**; and

2. Defendant's Motion Requesting the Court to Order that the Defendant Presentence Investigation Report ("PSI") be Amended of Past Drug Abuse (**Doc. 107**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE